Filed in Open Court
8/12/08 NMF

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal Action No. 08-67-SLR |
| Plaintiff, : | |
| v. : | |
| : | |
| WHITNEY ANN WILSON, : | |
| : | |
| Defendant. : | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Seth M. Beausang, Assistant United States Attorney, and the defendant, Whitney Ann Wilson, by and through her attorney, Luis A. Ortiz, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant agrees to plead guilty to Count Nine of the Indictment. Count Nine charges that, from in or around December 2007, through in or around February 2008, in the State and District of Delaware, the defendant did knowingly execute, and attempt to execute, a scheme and artifice to defraud and obtain funds owned by or under the custody or control of Wilmington Savings Fund Society, FSB ("WSFS"), a federally insured financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation, by means of false and fraudulent pretenses, representations, and promises, and, in execution of the scheme or artifice, with the intent to defraud WSFS, on or about January 15, 2008, cashed and attempted to cash fraudulent checks made out to the WSFS acount in the name of a person with the initials J.B., with the account number xxx-xxx-766, and check numbers 8397, 8398, and 8401, all in violation of Title 18, United States Code, Sections 1344 and 2. The maximum penalties for Count Nine of

the Indictment are thirty (30) years imprisonment, five (5) years supervised release, a $1,000,000 fine, and a $100 special assessment.

    2.    The defendant understands that if she were to proceed to trial on Count Nine the government would have to prove each of the following elements of the offense beyond a reasonable doubt: (1) from in or around December 2007, through in or around February 2008, in the State and District of Delaware, the defendant did knowingly execute, and attempt to execute, a scheme and artifice to defraud and obtain funds owned by or under the custody or control of WSFS, by means of false and fraudulent pretenses, representations, and promises; (2) in execution of the scheme or artifice, with the intent to defraud WSFS, on or about January 15, 2008, the defendant cashed and attempted to cash, and/or aided, abetted, counseled, commanded, induced or procured those who cashed and attempted to cash, fraudulent checks made out to the WSFS acount in the name of a person with the initials J.B., with the account number xxx-xxx-766, and check numbers 8397, 8398, and 8401, and (3) that WSFS is a federally insured financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation. The defendant knowingly, voluntarily and intelligently admits her guilt to those three elements of the offense charged in Count Nine of the Indictment in the above case.

    3.    The defendant also agrees to plead guilty to Count Twenty-Three of the Indictment. Count Twenty-Three charges that, from in or around December 2007, through in or around February 2008, in the State and District of Delaware, the defendant did knowingly use, without lawful authority, the means of identification of J.B., to wit, J.B.'s name, and in conjunction therewith, J.B.'s address and bank account number, during and in relation to the violation of Title 18, United States Code, Sections 1344 and 2 described in Count Nine of the

Indictment, all in violation of Title 18, United States Code, Sections 1028A and 2. The penalties for Count Twenty-Three of the Indictment are a mandatory two (2) years imprisonment, which term of imprisonment must run consecutive to any other term of imprisonment imposed on the defendant for her conviction under Count Nine, and a $100 special assessment.

4.  The defendant understands that if she were to proceed to trial on Count Twenty-Three, the government would have to prove each of the following elements of that offense beyond a reasonable doubt: that, (1) from in or around December 2007, through in or around February 2008, in the State and District of Delaware, the defendant did knowingly use, without lawful authority, the means of identification of J.B., to wit, J.B.'s name, and in conjunction therewith, J.B.'s address and bank account number; and (2) during and in relation to the violation of Title 18, United States Code, Sections 1344 and 2 described in Count Nine of the Indictment. The defendant knowingly, voluntarily and intelligently admits her guilt to those two elements of the offense charged in Count Twenty-Three of the Indictment in the above case.

5.  In addition to the conduct described in paragraphs 1 through 4 above, the defendant also admits as relevant conduct for purposes of sentencing in this matter that, as described in the Indictment in this matter, from in or around December 2007, through in or around February 2008, the defendant did knowingly execute, and attempt to execute, a scheme and artifice to defraud and obtain funds owned by or under the custody or control of WSFS and Wilmington Trust, which are federally insured financial institutions, the deposits of which were insured by the Federal Deposit Insurance Corporation, by means of false and fraudulent pretenses, representations, and promises, and, in execution of the scheme or artifice, with the intent to defraud WSFS and Wilmington Trust, cashed and attempted to cash fraudulent checks

made out to the accounts of more than ten (10) victims, and caused total losses of more than $10,000.

6.  Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the defendant's guilty plea, the government will not oppose a two-point reduction in the Offense Level for the defendant's affirmative acceptance of responsibility. If applicable, the Government will move for an additional one-point reduction, pursuant to Sentencing Guideline Section 3E1.1.

7.  The United States explicitly retains the right to make whatever recommendations at the time of sentencing that it believes are appropriate and to defend the rulings of the sentencing court upon appeal.

8.  The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines, except that for Count Twenty-Three the Court must impose a mandatory sentence of two (2) years imprisonment, which term of imprisonment must run consecutive to any other term of imprisonment imposed on the defendant for her conviction on Count Nine. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or

otherwise different than the defendant expected, or contrary to the recommendation of her attorney or the United States, the defendant will not be allowed to withdraw her guilty plea on that basis.

9.  The Defendant agrees to pay the $200 special assessment at the time of sentencing. If the Court orders the payment of any fine as part of the defendant's sentence, the defendant agrees voluntarily to enter the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

10. It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

COLM F. CONNOLLY
United States Attorney

_____          BY: _____
Luis A. Ortiz                                  Seth M. Beausang
Attorney for Defendant                         Assistant United States Attorney


_____
Whitney Ann Wilson
Defendant

Dated: 8/12/08

AND NOW this ____ day of _____August_____, 2008, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by the Court.

_____
THE HONORABLE SUE L. ROBINSON
UNITED STATES DISTRICT JUDGE